**Arthur POFF, Plaintiff,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA and Banctec, Inc., Defendants.**

**No. 94–CV–7005.**

United States District Court, E.D. Pennsylvania.

May 2, 1995.

MEMORANDUM AND ORDER

JOYNER, District Judge.

## I. BACKGROUND

In this case, the plaintiff, Arthur Poff, alleges in his complaint that he was discharged from his employment in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). The factual background of this case is as follows. In January of 1986, Mr. Poff was hired by Defendant BancTec, Inc. ("BancTec"), a computer services contractor that leases computer systems and support services to its clients. Pursuant to an agreement, BancTec provided computer systems and support services to Defendant Prudential Insurance Company of America ("Prudential"). Mr. Poff was assigned to the Prudential account and worked on-site at Prudential for over six years.

Mr. Poff underwent double hip replacement surgery in March of 1991. In December of 1992, he suffered a fall which caused him to injure scar tissue and muscle tendons in the area of a replaced hip. Mr. Poff was thereafter unable to walk or stand without experiencing intense pain. As a result of the disability, Mr. Poff alleges, he was eventually discharged.

## II. PROCEDURAL POSTURE

Prudential has filed motions for summary judgment and for a protective order to prevent Mr. Poff from conducting further discovery against it, both of which we address today. The theory behind both motions is Prudential's contention that Mr. Poff was never a Prudential employee and therefore cannot bring a suit against it under the ADA. *See* 42 U.S.C. §§ 12111, 12112. The issue, therefore, is whether Prudential has shown that there is no dispute as to the fact that it never "employed" Mr. Poff, as that term is defined in the ADA context. Fed. R.Civ.P. 56(c). Thus, we are not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986).

In attempting to survive a summary judgment motion, the non-moving par-

William J. Fries, Gross, McGinley, La-Barre & Eaton, Allentown, PA, for plaintiff.

Don A. Innamorato, Martin H. Karo, Reed Smith Shaw & McClay, Philadelphia, PA, for defendant Prudential Ins.

Michael G. Tierce, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for defendant Bantec, Inc.

**1536**

ty must raise "more than a mere scintilla of evidence in its favor." *Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir.1989) (citing *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. at 2511). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions to avoid summary judgment. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Boiled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. In the instant case, if we conclude that Mr. Poff has failed to create an issue of fact, we will award Prudential summary judgment and deny as moot its motion for a protective order. On the other hand, if the evidence presented leaves the issue in doubt, we must reject both motions.

### III. *ANALYSIS AND CONCLUSION*

■ In determining whether there exists an employer/employee relationship under the ADA, courts have applied the same standard as the one used in the Title VII context. *Doe v. William Shapiro, Esquire, P.C.,* 852 F.Supp. 1246, 1252 (E.D.Pa.1994); *see Pappas v. Bethesda Hosp. Ass'n,* 861 F.Supp. 616, 619 (S.D.Ohio 1994) (noting that "the Title VII interpretation of 'employer' should be applied to the [ADA]"). Thus, courts have employed the common law agency test, which takes into consideration the totality of the circumstances, but "places its greatest emphasis on the hiring party's right to control the manner and means by which the work is accomplished." *Lattanzio v. Security Nat'l Bank,* 825 F.Supp. 86, 89 (E.D.Pa. 1993) (citing *Frankel v. Bally, Inc.,* 987 F.2d 86, 90 (2d Cir.1993)). Other factors include: means of the employment; the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship of the parties; the hiring party's right to assign additional duties; the hired party's discretion over hours; method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the

hiring party is in the business; the provisions of employee benefits; and the hired party's tax treatment.

*Lattanzio,* 825 F.Supp. at 89 (citations omitted).

■ In support of his opposition to Prudential's motion for summary judgment, Mr. Poff has submitted two affidavits, one his own and the other of Kim Hood, a woman hired by BancTec to work at Prudential. Both affiants offer evidence regarding the extent to which Prudential controlled the manner and means of their employment. Upon review of this evidence, we conclude that Mr. Poff has created an issue of fact as to whether Prudential exercised sufficient control over him such that he could be deemed a Prudential employee. First, Mr. Poff's affidavit suggests that Prudential had input into his work schedule, his work assignments, the extent of his training, and the extent to which he worked overtime. Further, Mr. Poff swears that Prudential required that he obtain a hearing test and that he comply with its dress code. Finally, Mr. Poff states that he reported to a Prudential associate manager during the last two years of the term of his employment. Our conclusion, therefore, is that Mr. Poff has created an issue of fact as to whether Prudential exercised control over the manner and means by which his work was accomplished. As a result, Prudential's motions must be denied.

An appropriate order follows.

### *ORDER*

AND NOW, this 2nd day of May, 1995, upon consideration of Defendant Prudential Insurance Company of America's Motions for Summary Judgment and a Protective Order, and the responses thereto, it is hereby ORDERED that said Motions are both DENIED.